UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JACQUELINE CRIBBS,

       Plaintiff,

v.                             CASE NO. 3:21-cv-889-MMH-MCR

STATE OF FLORIDA c/o
HONORABLE JUDGE MICHAEL
SHARRIT,

       Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Application to Proceed

in District Court Without Prepaying Fees or Costs ("Application") (Doc. 2).

For the reasons stated herein, the undersigned **RECOMMENDS** that the

Application be **DENIED**, and the case be **DISMISSED without prejudice**.

The Court may, upon a finding of indigency, authorize the

commencement of an action without requiring the prepayment of costs, fees,

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

or security.   28 U.S.C. § 1915(a)(1).   The Court's decision to grant *in forma pauperis* status is discretionary.   *See Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983).   While a litigant need not show that she is "absolutely destitute" to qualify for *pauper* status under Section 1915, a litigant does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for [her]self and [her] dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).

The undersigned has reviewed Plaintiff's Application and finds it to be deficient because it is not notarized and appears to be incomplete.   (*See* Doc. 2.)   Plaintiff claims that her total monthly income is zero and her total monthly expenses are zero.   (*Id.*)   Although Plaintiff states that her pastor pays for her rent, she does not explain whether someone is helping her with other necessities, such as food, transportation, healthcare, etc.   (*Id.*) Although the Court would normally give Plaintiff an opportunity to file an amended, notarized Application or pay the appropriate filing fee, it would be futile to do so here because Plaintiff's Complaint is due to be dismissed for the reasons stated below.

It is settled that even when a plaintiff is indigent, a court receiving an application to proceed *in forma pauperis* must dismiss the case *sua sponte* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who

2

is immune from such relief."   28 U.S.C. § 1915(e)(2)(B).   "The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and therefore, courts apply the same standard in both contexts.   *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).   An action fails to state a claim on which relief may be granted if it fails to include "a short and plain statement of the claim showing that the pleader is entitled to relief."   *Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227 (11th Cir. 2010) (citing Fed.R.Civ.P. 8(a)(2), 12(b)(6)).   To show entitlement to relief, Plaintiff must include a short and plain statement of facts in support of his claims.   Fed.R.Civ.P. 8(a).   This statement of facts must show the plausibility of Plaintiff's claim.   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   "[L]abels and conclusions" are not enough to satisfy the "plausibility" standard.   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Further, the pleadings of *pro se* litigants must be construed liberally and "are held to less stringent standards than formal pleadings drafted by lawyers."   *Hughes v. Rowe*, 448 U.S. 5, 9 (1980) (per curium); *see also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (stating that pleadings submitted by *pro se* parties "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed").   Courts are under no duty, however, to "re-write" a plaintiff's complaint to find a claim.   *Peterson v. Atlanta Hous. Auth.*, 998

3

F.2d 904, 912 (11th Cir. 1993).

Here, the Complaint alleges that in July of 2021, Plaintiff went to the Clay County Courthouse and filed for an injunction against three people who lived in the same rental house as she did.   (Doc. 1 at 3.)   These people allegedly broke into her room with weapons, threatened her life twice, and demanded that she prostitute herself and bring them money for their drugs, which Plaintiff refused.   (*Id.*)   The Complaint alleges that by refusing to enter an emergency order, Judge Sharrit willfully (with malicious intent) and/or recklessly endangered Plaintiff's life because she "was attacked and suffered head trauma and a swollen jaw."   (*Id.* at 3, 5.)   The Complaint also alleges that through his actions, Judge Sharrit "has waived his right to immunity from prosecution."   (*Id.* at 3.)   As relief, Plaintiff requests one million dollars in damages for the undue stress caused by Defendant; an order directing all Clay County Judges to issue an emergency order to protect Plaintiff; and an order directing that Judge Sharrit "be removed from his job before he endangers anyone else."   (*Id.* at 4-5.)

Even when construed liberally, Plaintiff's Complaint fails to state a claim on which relief may be granted, because the only named Defendant is entitled to immunity from Plaintiff's claims.   Although the Complaint does not specify whether this action is brought against Judge Sharrit in his individual or official capacity, the outcome would be the same, because Judge

Sharrit is entitled to Eleventh Amendment immunity in his official capacity and absolute judicial immunity in his individual capacity.   "A suit against a state official in his or her official capacity is no different from a suit against the state, which fails because of sovereign immunity."   *Price v. Stone*, No. 4:11-cv-40 CDL-MSH, 2011 WL 2791350, *2 (M.D. Ga. May 3, 2011) (report and recommendation adopted by 2011 WL 2791958 (M.D. Ga. July 18, 2011)) (citing *Simmons v. Conger*, 86 F.3d 1080, 1085 (11th Cir. 1996)).   Thus, assuming that Plaintiff is suing Judge Sharrit in his official capacity, her claims are barred by Eleventh Amendment immunity and should be dismissed.

Further, to the extent Plaintiff is suing Judge Sharrit in his individual capacity, her claims should also be dismissed because Defendant is entitled to absolute judicial immunity.   "'[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages.'"   *Price*, 2011 WL 2791350, at *2 (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991)).   "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in 'the clear absence of all jurisdiction.'"   *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam).   "Whether an act by a judge is a judicial one relates to the nature of the act itself, i.e., whether it is a function normally performed by a judge . . . ."   *Jarallah v. Simmons*, 191 F. App'x 918, 920 (11th Cir. 2006).   "A judge

will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).   "Judges are also absolutely immune from suit when (1) the acts in question were performed while he or she was dealing with the parties in his or her judicial capacity, (2) the acts were of the sort normally performed by judicial officers and (3) the judge's conduct did not fall clearly outside his subject matter jurisdiction." *Mosley v. Awerbach*, No. 8:06 CV 592 T 27MSS, 2006 WL 2375050, *4 (M.D. Fla. Aug. 15, 2006) (citing, *inter alia*, *Stump v. Sparkman*, 435 U.S. 349 (1978)).

Here, Judge Sharrit was acting in his judicial capacity when he denied Plaintiff's request for an injunction.   *See, e.g.*, *Wilson v. Bush*, 196 F. App'x 796, 799 (11th Cir. 2006) ("Entering a judgment or order is a quintessential judicial function and immunity attached to it."); *Bussey v. Devane*, No. 13-cv-3660(JS)(WDW), 2013 WL 4459059, *3 (E.D.N.Y. Aug. 16, 2013) ("Deciding motions is certainly an act performed within a judge's 'judicial capacity' and such determinations are undoubtedly entitled to absolute judicial immunity.").   Further, Plaintiff has failed to allege that any action taken by Judge Sharrit was "taken in the absence of all jurisdiction, and the Court fails to see how such an allegation would be supportable."   *Price*, 2011 WL

2791350, at *3.

Because Judge Sharrit is absolutely immune from Plaintiff's claims, the Complaint should be dismissed without prejudice for failure to state a claim on which relief may be granted and/or for seeking monetary relief against a defendant who is immune from such relief.[2]   *See Brewster v. Land*, No. 4:21-cv-102 (LAG) (MSH), 2021 WL 3084916, *3 (M.D. Ga. July 21, 2021); *Price*, 2011 WL 2791350, at *3; *Mosley*, 2006 WL 2375050, at *4 ("Plaintiffs' IFP Motions seek leave to file a complaint which seeks monetary relief from Defendants who are immune from such relief and, consequently, should be denied as to any complaint which seeks relief against Defendants Judge Bray and Judge Diskey.").

Accordingly, it is respectfully **RECOMMENDED** that:

1.   The Application (**Doc. 2**) be **DENIED**.

2.   This action be **DISMISSED without prejudice**.

---

[2] Any claims against Judge Sharrit for injunctive or declaratory relief would also be barred.   *See Henderson v. Augusta Jud. Cir.*, No. CV 120-175, 2021 WL 1216877, *2 (S.D. Ga. Mar. 4, 2021).   "For a Plaintiff to receive injunctive or declaratory relief, 'the judicial officer must have violated a declaratory decree or declaratory relief must otherwise be unavailable.'"   *Id.* (quoting *Tarver v. Reynolds*, 808 F. App'x 752, 754 (11th Cir. 2020)).   Also, there must be an "absence of an adequate remedy at law."   *Bolin*, 225 F.3d at 1242.   Plaintiff here does not allege a violation of a declaratory decree, that declaratory relief is otherwise unavailable, or that there is an absence of an adequate remedy at law.   Moreover, to the extent any injunctive or declaratory relief sought by Plaintiff would "interfere[] with the state court's judicial process, a federal court lacks jurisdiction and should abstain from interfering under the principles of *Younger v. Harris*, 401 U.S. 37 (1971)."   *Henderson*, 2021 WL 1216877, at *3.

3.     The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on October 27, 2021.


MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE


Copies to:

The Hon. Marcia Morales Howard
United States District Judge

*Pro Se* Plaintiff